UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LASHANE MORRIS                                                                                   PETITIONER

v.                                                                                        NO. 3:07-CV-P420-S

JOHN MOTLEY, WARDEN                                                                      RESPONDENT

### MEMORANDUM OPINION

This matter is before the Court for preliminary review of LaShane Morris's *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in which he challenges his state conviction.  *See* FED. R. GOVERNING § 2254 CASES 4, 28 U.S.C. foll. § 2254.  For reasons set forth below, the Court concludes this petition plainly lacks merit and warrants *sua sponte* dismissal.

### I.

In the Jefferson Circuit Court of Kentucky, Petitioner was tried before a jury and acquitted of robbery but convicted of theft by unlawful taking over $300 and being a persistent felony offender, first degree.  He received an enhanced sentence of fifteen years' imprisonment.

The theft conviction stems from events that occurred in the parking lot of the McDonald's Restaurant, located at Second Street and Broadway in Louisville.  There, a masked man attempted to rob a woman delivering payroll to assembled employees, including Petitioner.  During the struggle, the woman dropped several pay envelopes to the ground.  One employee attempted to subdue the unidentified assailant physically while Petitioner gathered some of the envelopes from the ground and, after a gunfire shot rang out, fled the scene.  He was later

tracked to an ambulance ramp outside a nearby hospital with payroll envelopes in his hat.[1]

This habeas action follows Petitioner's unsuccessful appeals and motions for collateral relief in state court.

## II.

When determining whether a petitioner states a claim upon which habeas relief may be granted, the Court holds *pro se* pleadings to a less stringent standard than formal pleadings drafted by lawyers. *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir 1991). However, the district court is under no duty to conjure up unpled allegations. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also Martin v. Overton*, 391 F.3d 710 (6th Cir 2004).

Petitioner initiated this action with a form pleading for state prisoners seeking habeas relief, in conformance with the local rules of this Court. This form pleading instructs the prisoner to state each ground for relief and to allege supporting facts under each ground.[2] In the blanks provided for grounds one through seven, however, Petitioner states simply that there "was a constitutional deprivation of due process (see opinion)," that he has exhausted his state remedies on the issue, and that he is indigent and in need of appointment of counsel to present argument in this habeas proceeding.[3] He provides no factual allegations or other specifics.

---

[1] Two opinions of the Court of Appeals of Kentucky summarize the facts of the case; however, it is not clear whether the payroll envelopes contained cash or checks. *Morris v. Commonwealth*, 2007 WL 1207128 (Ky. App. Mar. 30, 2007); 2004 WL 259276 (Ky. App. 2004) *discretionary review denied* Aug. 18, 2004.

[2] Specifically, this form instructs, "State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts that support each ground. ... [Y]ou should raise in this petition all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully. ... [Y]ou must allege facts." *See also* FED. R. GOVERNING § 2254 CASES 2.

[3] Petition at ¶ 12.

The court concludes that grounds one through seven contain insufficient grounds and factual allegations to entitle the petitioner to habeas relief. It is not clear whether Petitioner is claiming a due process deprivation for violations of state law as discussed in the referenced, state court opinions or some other federal claim of constitutional error. *See McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000) (stating that general allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated."). Because the petition plainly contains insufficient allegations to satisfy either condition for granting the writ set forth in § 2254(d), the Court will dismiss these claims by separate order.

In the petition's remaining grounds, Petitioner provides more detail but, again, falls short of stating adequate grounds for relief. In ground eight, Petitioner alleges his appellate counsel rendered ineffective assistance. Again, Petitioner fails to allege facts in support of this specific ground; however, giving the petitioner considerable leniency in pleading his case, the Court will construe this claim in light of the facts alleged in grounds nine and ten. There, Petitioner suggests his counsel improperly failed to pursue two (presumably federal) due process claims on direct appeal: 1) that the prosecutor made unfair comments during closing argument; and 2) that the prosecution failed to prove an essential element of the theft charge, i.e, that Petitioner intended to deprive the victim of her property.[4]

---

[4] Petitioner concedes he has not presented these claims for state review and argues, correctly, that Kentucky law does not permit a trial court to hear a claim of ineffective assistance of appellate counsel by motion for collateral relief under Rule 11.42 of the Kentucky Rules of Criminal Procedure. *See Vunetich v. Commonwealth*, 847 S.W.2d 51 (Ky. 1990). Nonetheless, for claims challenging appellate counsel's performance, an alternate avenue of state review may remain: a motion to reinstate an appeal due to the neglect of appellate counsel. *Id.* Rather than determine whether Petitioner's claims should be presented to the state courts in this manner, however, the Court will deny the petition on the merits, as authorized in § 2254(b)(2). *See Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

Again, the Court concludes these claims plainly lack merit. First, nothing in the Due Process Clause prohibits a prosecutor from characterizing the facts of the case in a light favorable to the prosecution. And, even if the prosecutor's argument clearly mis-characterized the evidence at trial, such conduct ordinarily does not constitute a deprivation of a fair trial. *See Sawyer v. Smith*, 497 U.S. 227, 235 (1990) (stating that improper prosecutorial comment must be "pervasive" and that the constitution does not require "holding every improper and unfair argument of a state prosecutor to be a federal due process violation."). Petitioner complains the prosecutor misstated the evidence when he argued Petitioner "fled" the scene and was a friend of the unknown assailant. Even assuming for purposes of argument that the prosecutor's comments were improper in light of the evidence, the Court concludes such comment and argument do not constitute pervasive error and were not so unfair as to make the resulting conviction a denial of due process.

Second, a conviction may properly rest on circumstantial evidence, as here, that Petitioner possessed the requisite intention to support the theft charge. *See McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003). Although Petitioner maintains he intended to return the property to the victim, the evidence supports a reasonable inference that he intended to deprive the victim of her property not only because he left the scene but also because he was tracked at least two city blocks away from the restaurant. Again, nothing in the Due Process Clause required direct proof of Petitioner's intent.

Because these claims plainly lack merit, Petitioner's appellate counsel was not ineffective for failing to raise them on appeal. *See Willis v. Smith,* 351 F.3d 741, 745 (6th Cir. 2003). The Court will therefore dismiss the remaining claims in the petition by separate order.

**III.**

The Court concludes the petition plainly lacks merit for failure to satisfy the conditions for granting the writ under § 2254(d) and should therefore be dismissed *sua sponte* pursuant to Rule 4 of the Rules Governing § 2254 Cases.

**CERTIFICATE OF APPEALABILITY**

Before seeking an appeal of this dismissal, a petitioner must make a substantial showing of the denial of a constitutional right. § 2253(c)(2). This does not require a showing that the appeal will succeed. *Slack v. McDaniel*, 529 U.S. 473 (2000). Rather, the petitioner must show that reasonable jurists could find debatable whether the petition should be resolved in a different manner or that the matter deserves further review. *Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court is persuaded that reasonable jurists would not find debatable or wrong the correctness of the assessments made in this memorandum opinion because the claims are vague, conclusory and plainly lack merit. The Court will therefore decline to issue a certificate of appealability.

DATE:

Copies to: Counsel of Record